PATRICK KELLEY *vs.* SYLVESTER DRESSER.

The truth of a magistrate's record of a criminal case within his jurisdiction and determined by him cannot be impeached, even in an action against him for fraudulently and corruptly altering the complaint and warrant after the warrant had been served.

TORT against a trial justice for fraudulently and corruptly altering the complaint and warrant in proceedings against certain intoxicating liquors alleged to have been unlawfully kept by the plaintiff.

The declaration alleged that on the 2d of July 1863 the defendant was a trial justice, and two persons made a complaint to him that they believed and had reason to believe that certain liquors, which were described, were illegally kept and deposited by the plaintiff in a certain place, and prayed for a search warrant, under Gen. Sts. *c.* 86; that the defendant thereupon issued a warrant to search for the same liquors described in the complaint, which warrant was delivered to an officer for service, who thereupon entered the premises of the plaintiff, and seized certain other liquors not described in the complaint or warrant, and made return of his doings to the defendant, describing the liquors actually seized by him; that thereupon the defendant, after said service and return of the warrant, intending to oppress the plaintiff, corruptly and fraudulently made certain erasures, additions and alterations upon the complaint and warrant so as to make them conform to the officer's return, and so that he might order the liquors to be forfeited to the Commonwealth; and the defendant accordingly, after certain other proceedings, did order said liquors so seized to be forfeited to the Commonwealth, and the plaintiff was compelled to appeal to the superior court. Copies of the complaint and warrant, as the plaintiff alleged that they were in their original form, and copies of them as they finally stood, were annexed.

At the trial in the superior court, before *Wilkinson*, J., the plaintiff introduced in evidence the original complaint and warrant, and contended that it was apparent from an inspection of them that the alterations, erasures and additions mentioned in

the declaration had been made by the defendant since the papers had been originally drawn. He also testified that after the warrant had been served he called on the defendant for a copy of the warrant and officer's return, which the defendant furnished to him, having made the same in his presence; and this copy was produced in evidence, and corresponded exactly with the original warrant and officer's return thereon, except as to the alleged alterations. He also introduced copies of the judgment of the defendant, and of the papers in the case, from the files of the superior court, and in these copies the liquors were all described in the same way as in the officer's return, and the copy of the record of the judgment of the justice was partly printed and partly written upon the back of the copy of the complaint, and certified that the proceedings were had " by virtue of a warrant issued upon the within complaint," and throughout referred to the said complaint and warrant as the original complaint and warrant.

The defendant contended that parol evidence was inadmissible for the purpose of controlling or contradicting the record; and the judge ruled that upon the above evidence the action could not be maintained, and directed a verdict for the defendant. The plaintiff alleged exceptions.

*G. F. Verry,* for the plaintiff. The defendant cannot, in an action brought directly against him, shield himself from the responsibility of his acts, in fraudulently and corruptly altering the complaint and warrant, by adding thereto the fraud of making up a false record, and then setting up that in making the record he was acting as a magistrate in his judicial capacity and within the scope of his jurisdiction. See *Clarke* v. *May,* 2 Gray 410; *Piper* v. *Pearson,* Ib. 120; *Wells* v. *Stevens,* Ib. 115; *Sullivan* v. *Jones,* Ib. 570; *Haskell* v. *Haven,* 3 Pick. 404; *Spencer* v. *Perry,* 17 Maine, 413; *Yates* v. *Lansing,* 5 Johns. 282; *S. C.* 9 Johns. 395.

*P. E. Aldrich,* for the defendant.

CHAPMAN, J. A complaint was made to the defendant, who is a trial justice, against certain liquors, alleged to be illegally kept for sale by the plaintiff, and the defendant thereupon issued

a warrant for the seizure of the liquors. The plaintiff alleges that the officer seized certain liquors that were not described in the complaint and warrant, and made return thereof to the defendant, and that the defendant thereupon fraudulently altered the description of liquors in the complaint and warrant so as to make it correspond with the officer's return, and then proceeded to try the case upon these altered documents. After a judgment was rendered in the case against the plaintiff, he appealed to the superior court and entered his appeal. He then produced in evidence a copy of the defendant's record, including the complaint and warrant. In this copy the description of liquors in the complaint and warrant corresponds with that in the officer's return. It appeared upon inspection that this was a correct copy of the record in its present condition. But the plaintiff attempted to establish his case by offering evidence tending to show that the defendant made the alterations above specified during the pendency of the proceedings before him. This was an offer to impeach the verity of the record, and for that reason the evidence was rejected.

The doctrine that a record imports absolute verity, and that no averment, plea or proof is admissible to the contrary, has been uniformly maintained from the earliest times, on grounds of public policy. It is too important and too well settled by authority to be questioned. The recent discussion of it in *Wells* v. *Stevens*, 2 Gray, 115, makes it unnecessary to refer to other authorities.

In this case it appears that the original record bears the marks of interlineations such as the plaintiff describes; but interlineations often exist in complaints and warrants. The practice of interlining such papers is slovenly and dangerous; but their validity is not thereby affected, when the alterations are made before they are delivered to an officer. Now if the existing record is true, it was so done. The face of the record imports it, and proof of a subsequent alteration would impeach the record, by contradicting it directly.

In receiving the complaint, and directing the form of the warrant, in the hearing of the cause and determining how to make

up the record and what should be stated in it, the defendant acted judicially, and within his jurisdiction. It is well settled that a magistrate thus acting within his jurisdiction is answerable to the government only, and is not liable to be troubled by actions in behalf of individuals whose cases he has been obliged to try. The law on this subject has been thoroughly discussed in *Pratt* v. *Gardner*, 2 Cush. 63, and *Raymond* v. *Bolles*, 11 Cush. 315. The cases cited by the plaintiff's counsel in which magistrates have been held liable are cases where they either acted ministerially, or exceeded their jurisdiction.

*Exceptions overruled.*